IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BOLT EXPRESS, LLC, | : | Case No. 3:22-cv-444 |
| | : | (Hon. Jeffrey J. Helmick) |
| Plaintiff, | | (Maj. Judge Darrell A. Clay) |
| | : | |
| vs. | | **MOTION TO ENFORCE** |
| | : | **SETTLEMENT AGREEMENT** |
| PROPER TOOLING, INC. d/b/a Proper Polymers and Proper Tooling, | : | |
| Defendant. | : | |

Pursuant to the January 4, 2023 Minute Order, Plaintiff Bolt Express, LLC ("**Bolt**") moves that the Court enforce the settlement agreement reached in this matter by entering judgment against defendant Proper Tooling, Inc., ("**PTI**") and its affiliated entities Proper Polymers – Anderson, LLC ("**PPA**"), PGI Investments, Inc. ("**PGI**"), and Proper Tooling, LLC ("**PTL**") (PTI, PPA, PGI, and PTl together: the "**Proper Parties**") in the amount of $140,877.10, plus the reasonable attorney fees, costs, and expenses incurred in bringing this motion.

I.  PROCEDURAL HISTORY

Bolt and the Proper Parties participated in a settlement conference via Zoom on November 2, 2022. At the conclusion of that conference, in which corporate representatives for all parties participated with counsel, the parties reached agreement on the material terms of a settlement and

6448018.1

expressly consented to the jurisdiction of Magistrate Judge Clay to enforce the terms of the same. (See November 2, 2022 Minutes of Proceedings).

Pursuant to Judge Clay's direction, Bolt's counsel summarized the material terms of the settlement in an email on the same day:

> To confirm today's agreement, here are the material settlement terms:
>
> 1. Proper entities to pay $70,000 to Bolt by 12/31/22;
> 2. Proper entities to pay an additional $24,000 to Bolt by 2/28/23;
> 3. Proper entities to execute a consent judgment for the full amount owed by each to Bolt, for a total of $140,877.10, which will be filed with the Court in the event of a payment default or bankruptcy filing;
> 4. The parties to execute a formal settlement agreement containing mutual releases of all claims and other standard terms;
> 5. Dismissal entry to be filed within 30 days, with the Court reserving jurisdiction to enforce the settlement; and
> 6. The parties consent to the jurisdiction of Magistrate Judge Clay.

(November 2, 2022 12:18 PM email, part of email chain attached hereto as ***Exhibit 1***).

Counsel for the Proper Parties responded to confirm the agreement, with a minor clarification to point number three:

> With respect to #3, I presume the consent judgment amount will be net of all settlement payments received. With that understanding, I agree.

(November 2, 2022 1:23 PM email, part of email chain attached hereto as ***Ex. 1***).

On November 14, 2022, Bolt's counsel forwarded a draft settlement agreement to the Proper Parties' counsel for review. (***Ex. 1***). The Proper Parties' counsel responded with revisions on November 28, 2022, the primary change being a requested cure period of ten (10) days in the event of payment default. (*Id.*). On December 8, 2022, Bolt's counsel sent a final redline, proposing a shorter cure period of five (5) days. (*Id.*). The Proper Parties have never responded to this draft.

The Proper Parties were due to make the first payment of $70,000 on or before December 31, 2022. That payment was not made and there was no communication from the Proper Parties or their counsel regarding it.

Meanwhile, the Court had extended the deadline to file a dismissal entry several times, the last deadline being January 4, 2023. On January 3, 2023, the Proper Parties' counsel requested a call with Bolt's counsel to discuss the status of the settlement. Due to scheduling conflicts, that call could not be held until the morning of January 4, 2023.

During the January 4, 2023 call, the Proper Parties' counsel indicated that his clients no longer intended to execute the settlement agreement. Instead, the Proper Parties offered to pay the settlement amount when or if one of its plants was sold pursuant to an alleged letter of intent. Because this was wholly inconsistent with the settlement that had been previously reached (the first payment for which being already in default), Bolt's counsel requested a conference with the Court.

During a videoconference held on January 4, 2023, the Court gave the parties one week to see if their differences could be resolved. On January 5, 2023, Bolt's counsel requested that the Proper Parties provide a version of the settlement agreement they were willing to sign as well as verification of the letter of intent referenced in the parties' discussions. (Post-conference email exchange attached as ***Exhibit 2***). The Proper Parties' counsel responded on January 9, 2023, indicating he was awaiting approval from his clients and their lender on a revised draft. (***Ex. 2***). A final response was requested by January 10, 2023 so that Bolt could determine whether this motion was necessary. (*Id.*).

As of the filing of this motion, Bolt has received no indication that Proper Parties intend to honor the settlement in this matter. Nor have they provided any verification of any potential asset sale. And they have not committed in writing to any alternative resolution.

Accordingly, Bolt moves to enforce the settlement.

## II. LAW AND ARGUMENT

"[B]efore entry of judgment or dismissal, district courts have jurisdiction over the subject matter of the cases pending before them and 'retain the inherent power to enforce agreements entered into in settlement of litigation pending before them.'" *Jaynes v. Austin*, 20 Fed.Appx. 421, 424 (6th Cir.2001) (quoting *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371 (6th Cir.1976)). Additionally, Bolt and the Proper Parties, by and through their respective counsel and corporate representatives at the settlement conference, expressly consented to the jurisdiction of this Court to enforce the settlement agreement in this case.

"Before enforcing a settlement, a district court must conclude that the parties agreed on material terms." *Reid v. Moore*, N.D.Ohio No. 1:21-CV-00991, 2022 WL 17100654, *3 (following *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988)). "Once the district court finds an agreement on the material terms, the court must enforce those terms and may not alter them." *Id.*

The material terms of the settlement in this case, as reflected in the emails exchanged following the settlement conference and the proposed settlement agreement contained in ***Exhibit 1***, are not legitimately in dispute. (See also November 2, 2022 Minutes of Proceedings) ("Extensive discussions were had with the parties and their counsel, **which led to agreement on the material terms of a resolution**") (emphasis added).

Specifically, the Proper Parties agreed to pay a total of $94,000 in two installments: (i) $70,000 on or before December 31, 2022 and (ii) $24,000 on or before February 28, 2023. However, in the event of payment default or bankruptcy filing, Bolt would be entitled to a consent judgment against the Proper Parties for the full amount of its claim – $140,877.10 – less any amounts paid pursuant to the settlement.

There is no dispute that the Proper Parties are in default of the first payment and have not cured the default despite demand. The Proper Parties have likewise failed to execute the settlement agreement and failed to provide the consent judgment that was to serve as Bolt's remedy for any default.

Accordingly, Bolt respectfully requests that the Court enforce the settlement in this case by entering judgment in its favor and against the Proper Parties in the amount of $140,877.10.

In addition, Bolt seeks an award of its reasonable attorney fees, costs, and expenses associated with briefing and, if necessary, arguing this motion. The Sixth Circuit has held that district courts possess inherent discretion to award attorney fees on a motion to enforce a settlement agreement "for willful violation of a court order by the losing party and for bad faith or oppressive litigation practices," as well as part of its "supervisory power to regulate the conduct of attorneys and parties before it." *Jaynes v. Austin*, 20 Fed.Appx. 421, 427 (6th Cir.2001).

An award of fees is appropriate in this case based upon the Proper Parties' complete, bad faith refusal to execute or perform the settlement between the parties which was agreed to over two months ago. Moreover, the Proper Parties have failed to provide any verification of representations made regarding an imminent sale of one of its plants and likewise failed to provide any firm written commitments regarding an alternative resolution in this matter, despite a full week to do so.

Bolt compromised in good faith to try to resolve this matter and did not undertake litigation activity it could have pursued in reliance on that settlement. It has now had to unnecessarily incur additional expense in enforcing the agreement it made. A fee award is therefore warranted.[1]

---

[1] Bolt anticipates additional legal expense if the Proper Parties oppose this motion or otherwise continue to resist the settlement to which they agreed. Bolt will file a fee application specifying the exact amount incurred if the Court determines that a fee award is appropriate in this case.

### III.  CONCLUSION

For the foregoing reasons, Bolt respectfully requests that the Court enforce the settlement agreement in this case by entering judgment in its favor and against the Proper Parties in the amount of $140,877.10, plus the reasonable attorney fees, costs, and expenses incurred in connection with this motion.

Respectfully submitted,

EASTMAN & SMITH LTD.

/s/ Charles E. Hatch
Jared J. Lefevre (0085931)
Charles E. Hatch (0100154)
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, Ohio  43699-0032
Telephone:  (419) 241-6000
Fax:  (419) 247-1777
E-Mail:  jjlefevre@eastmansmith.com
         cehatch@eastmansmith.com

Attorneys for Plaintiff Bolt Express, LLC

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served via electronic mail this 11th day of January 2023 to attorneys James E. DeLine (jdeline@kerr-russell.com), Brandon S. Corcoran (bcorcoran@kerr-russell.com) and Jacquelyn A. Klima (jklima@kerr-russell.com), Kerr Russell and Weber, PLC, 500 Woodward Ave., Suite 2500, Detroit, MI 48226, counsel for Defendant.

/s/ Charles E. Hatch
Charles E. Hatch (0100154)
An Attorney for Plaintiff Bolt Express, LLC

6448018.1